989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
William Howard FIELD, Plaintiff-Appellant,
v.
William WEBSTER; Iowa Attorney General, Defendants-Appellees.
 No. 92-1737.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: March 15, 1993.
 
 Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 William Howard Field appeals from the district court's[1] denial without prejudice of his petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254. Field challenges the court's ruling that he must exhaust his potential remedies in Iowa state court. We affirm.
 
 I.
 
 2
 Field was arrested in Missouri in August of 1990. An unrelated Iowa arrest warrant was outstanding at that time, but no charges had yet been filed. Charges were filed against Field in Dallas County, Iowa, and an arrest warrant was issued, in November of 1990. From the time of his August arrest in Missouri, Field communicated numerous times with Iowa authorities, asserting his right to a speedy trial. However, none of the communications were effective. Several were prematurely filed, and others were not addressed to the appropriate forum. In December of 1990, Dallas County filed a detainer with the Missouri correctional facility at which Field was incarcerated. On December 24, Field filed a habeas corpus action in Dallas County, attacking the detainer and asserting his right to a speedy trial. The petition was denied, based upon the state court's finding that it lacked subject matter jurisdiction and that habeas corpus was not the proper remedy to challenge either the pending charge or the right to a speedy trial. The Iowa Supreme Court subsequently denied Field's "Motion for Direct Appeal and Dismissal of Detainer and Warrant With Prejudice".
 
 
 3
 In February of 1991, Field attempted to comply with the requirements of the detainers act by asking the Missouri prison authorities to request a "final disposition" of the detainer placed against him by Iowa. However, in March of 1991, Field filed this action in the United States District Court in Missouri, and in April of 1991, that court granted his request to stay efforts by Iowa to extradite him for trial on the charges pending in Dallas County. The Missouri court transferred the case to the United States District Court in Iowa, which ruled in February of 1992 that Field had failed to exhaust his potential remedies in Iowa's state courts. The petition for habeas corpus relief was denied without prejudice and the stay of extradition entered in the United States District Court in Missouri was lifted. Field appealed to this court from the ruling of the United States District Court in Iowa.
 
 II.
 
 4
 In this appeal, Field seeks to obtain review of his claim that he has been denied the right to a speedy trial. Field also argues that the district court refused to recognize that he has substantially complied with the requirements of the Iowa statutes governing detainers.
 
 
 5
 There is no doubt that Field has been vigilant in his attempts to be heard. Field has filed a plethora of pro se pleadings in a variety of courts, and there is nothing to contradict his claim that he has done so in good faith. However, the fact remains that the Iowa state courts are the best and proper forum for Field's claims. This court must and does assume that the Iowa state courts will provide Field with a fair opportunity to present his claims. To this point, the Iowa state courts have never been presented with, nor have they had the opportunity to answer, the constitutional and statutory arguments presented to us by Field. The district court was correct in its ruling that habeas relief is premature. Field's avenues of relief by way of motions to dismiss in the state action remain available and viable.
 
 
 6
 Likewise, Field has not made an effective request in state court under the statutes governing detainers. While an effort was made to spur the Missouri authorities into action on his behalf, Field subsequently pursued the matter in the federal courts, first requesting a stay, and later appealing the action to this court. Again, the Iowa state courts have not had the opportunity to rule upon Field's claims of compliance.[2] Field's claims of prejudice must be heard within the context of the criminal case itself.
 
 
 7
 Having considered the briefs and the arguments of the parties, we conclude that no error of law appears. An extended opinion would add nothing of substance to the well-reasoned decision of the district court holding that Field has not exhausted his remedies.
 
 
 
 *
 The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa
 
 
 [2]
 While we have decided that we need not reach the merits of Field's claims regarding the detainer, we do note that a recent Supreme Court holding forecloses Field's arguments regarding compliance with the IAD. In Fex v. Michigan, 61 U.S.L.W. 4168 (U.S. Feb. 23, 1993) (No. 91-7873), the Court held that the 180-day period does not commence until actual delivery of the request to the court and the prosecutor of the jurisdiction that lodged the detainer. Field's request was not ever forwarded to Iowa by the Missouri prison authorities